IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ebon Zack Harris,<br><br>   Petitioner,<br><br>vs.<br><br>Daniel Edwards, et al.,<br><br>   Respondents. | No. CIV 03-2203-PHX-MHM (BPV)<br><br>**ORDER** |

Petitioner proceeding pro se has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his criminal conviction obtained in the Superior Court, Maricopa County, State of Arizona. The matter was referred to United States Magistrate Judge Bernardo P. Velasco, who has issued a Report and Recommendation that recommends that the Petition should be denied (Doc.22). Petitioner filed a notice of appeal which was docketed as objections to the Report and Recommendation. (Doc. 23). Some three weeks later, Petitioner filed a document styled "Appeal and Objections to Magistrates Recommendation." (Doc. 24).

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed and for clear error for those facts to which no objections are filed. Id. "Failure to object to a magistrate judge's

1 recommendation waives all objections to the judge's findings of fact." <u>Jones v. Wood</u>, 207
2 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case. Petitioner was found guilty by a jury of First Degree Murder, a Class One Felony, for the premeditated murder of Keith Benart Reese. The relevant facts as summarized by the Arizona Court of Appeals showed that on December 3, 1996, around 7:30 p.m., Ricky C. ("Ricky") and Arnulfo H. ("Arnulfo") were sitting on a utility box behind their townhouse complex drinking beer. Keith R. ("the victim"), a close friend and neighbor, stopped by, had a beer and left.  Five or ten minutes later, the victim returned with the Petitioner and two other men. Ricky and Arnulfo did not hear the conversation going on among the other men, who were about eight feet away.  After a time, Petitioner stood up and said, "fuck this shit," and placed a long-barreled pistol within inches of the back of the victim's head and fired one shot. Petitioner and his two companions walked away.

Later than night, Petitioner allegedly tried to persuade a long-time family friend who lived in the same complex where the shooting occurred to provide him with an alibi but she refused.  A couple of weeks later, police circulated a composite drawing of the killer that was based on Ricky's eyewitness account.  The family friend saw the composite on a poster at a neighborhood store, called Silent Witness and named Petitioner. The police presented pictures of Petitioner and four other men to Ricky and Arnulfo in a "photo line-up" and both identified Petitioner. Ricky and Arnulfo identified Petitioner at trial, although Ricky's trial identification was somewhat equivocal. Petitioner was sentenced to life imprisonment with parole possible after 25 years. Petitioner's motion for new trial was denied.

Petitioner appealed his conviction to the Arizona Court of Appeals in which he raised on appeal the following issues: his pre-trial photo line-up was unduly suggestive; the trial court erred in refusing to instruct the jury on the lesser-included offense of "heat of passion" manslaughter; and a claim for pre-sentence incarceration credit.  The Arizona Court of

1 Appeals granted Petitioner a one-day pre-sentence credit and rejected the other two issues on
2 the merits and affirmed the conviction and sentence as modified.

3       Petitioner filed a petition for post-conviction relief in the state trial court raising claims
4 of ineffective assistance of counsel and the alleged failure of the prosecution to disclose
5 evidence of a photograph and video of an individual who supposedly fit the description of the
6 person who shot the victim. The trial court rejected the ineffective assistance of counsel claim
7 on the merits and held that Petitioner had waived the "failure to disclose evidence" issue by
8 not raising the issue on direct appeal. Petitioner's petition for review filed with the Arizona
9 Court of Appeals over two months later was dismissed as untimely under Ariz.R.Crim.P.
10 32.9(c). Petitioner filed a Petition for Writ of Habeas Corpus in the state trial court. The state
11 trial court construed the Petition as a Notice of Post-Conviction Relief and denied the petition
12 because the claims were raised in the first Rule 32 proceeding.

13       Petitioner then filed a Petition under § 2254 in this Court in which he has raised the
14 following issues: violation of Fourteenth Amendment due process rights as a result of the
15 State's alleged failure to disclose exculpatory evidence, that is, a neighborhood store's security
16 camera video that allegedly showed an individual who supposedly resembled the shooter;
17 ineffective assistance of counsel in violation of the Sixth Amendment; and violation of the
18 confrontation clause of the Sixth Amendment because defense counsel agreed with the
19 prosecution during trial to preclude evidence about drugs.

20       The Magistrate Judge has recommended denial of all grounds asserted in the federal
21 habeas Petition as barred based on procedural default and because Petitioner has not
22 demonstrated cause for the default and actual prejudice as a result of the alleged violation of
23 federal law. Petitioner also has not shown that failure to consider the claims will result in a
24 fundamental miscarriage of justice.

25       Petitioner has filed objections to the Report and Recommendation, asking for leniency
26 from this Court. Petitioner further objects that he made a good faith effort to comply with
27 state procedural rules and states that he was not given legal assistance. Such factors are
28

- 3 -

1 insufficient to show cause for the default. See, e.g., Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988)(pro se litigant's defective mental condition did not constitute cause for procedural default). A petitioner's inexperience or lack of legal training cannot serve as cause to excuse his failure to file a timely post-conviction motion. See Duvall v. Purkett, 15 F.3d 745, 748 (8th Cir. 1994)(ignorance of federal claim not an "external impediment" that caused procedural default). Petitioner has not demonstrated a claim of actual innocence based on reliable evidence not presented at trial. See Casey v. Moore, 386 F.3d 896, 921 n.27 (9th Cir. 2004), cert. denied, 125 S.Ct. 2975 (2005).

**Accordingly**,

**IT IS ORDERED** that Petitioner's objections to the Magistrate Judge's Report and Recommendation (Doc. 23 & 24) are overruled;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 22) is adopted in its entirety as the Order of this Court;

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 is denied.

DATED this 20th day of December, 2005.

_____
Mary H. Murguia
United States District Judge